O

# United States District Court
# Central District of California

| | |
|---|---|
| VENICE BAKING COMPANY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SOPHAST SALES AND MARKETING LLC; and DOES 1–10, inclusive,<br><br>　　　　　Defendants. | Case No. 2:16-cv-6136-ODW(KS)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION [12]** |

## I.  INTRODUCTION

Before the Court is Plaintiff Venice Baking Company's Ex Parte Application for a Continuance to file opposition to Defendant Sophast Sales and Marketing LLC's Motion to Dismiss.  (ECF No. 12.)  Because the Court has already granted Defendants' Motion to Dismiss for lack of personal jurisdiction prior to the filing of the pending application, the Court **DENIES** Plaintiff's Ex Parte Application.  (ECF No. 11.)

## II.  FACTUAL BACKGROUND

On May 4, 2016, Plaintiff filed this action in the Superior Court of Los Angeles, seeking declaratory relief.  (Compl., Not. of Removal, Ex. A, ECF No. 1.)  Plaintiff's

claims arose out of a contract dispute between the two parties. (*Id.*) Defendant removed the action to this Court on August 16, 2016. (ECF No. 1.) Defendant then filed a motion to dismiss for lack of personal jurisdiction on August 30, 2016, which was set for hearing on October 3, 2016. (ECF No. 9.)

Plaintiff's opposition to the motion was due on September 12, 2016. No opposition was ever filed. On September 19, 2016, the Court granted Defendant's Motion to Dismiss as unopposed. (ECF No. 11.) Subsequently, Plaintiff filed the pending Ex Parte Application. (ECF. No. 12.)

### III. DISCUSSION

Local Civil Rule 7-9 requires a party opposing a motion to file an opposition or statement of non-opposition at least twenty-one days before the noticed hearing date. District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion); *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979).

Plaintiff did not file a timely opposition or statement of non-opposition by the September 12, 2016 deadline. For this reason, the Court granted Defendant's Motion to Dismiss as unopposed on September 19, 2016. (ECF No. 11)

Plaintiff's Ex Parte Application indicates that it was aware of the need to timely file an opposition to Defendants' Motion to Dismiss before the September 12, 2016 deadline. (ECF No. 12, Ex. H, 50.) Correspondence between the parties indicates that Plaintiff believed settlement was imminent, and as a result, chose not to file opposition to Defendant's Motion to Dismiss. (*Id.*) However, that belief does not excuse Plaintiff from his obligation to file a timely opposition or in the alternative, seek a continuance, when a settlement failed to materialize before the September 12, 2016 deadline.

As the Court previously issued a final order in this case, it is no longer procedurally proper to consider Plaintiff's Ex Parte Application. Plaintiff must now seek relief from the final order dismissing its case. *See Medina v. Wells Fargo Bank*, N.A., No. 216CV00532ODWMRWX, 2016 WL 2944295, at *1 (C.D. Cal. May 20, 2016) (indicating that where a plaintiff fails to timely oppose a motion to dismiss and the court grants the motion as unopposed, a plaintiff properly seeks relief pursuant to Federal Rule of Civil Procedure 60(b)); *see also Dobson v. State of California*, No. 215CV9648ODWJPR, 2016 WL 4136507, at *2 (C.D. Cal. Aug. 1, 2016) (same).[1] Accordingly, Plaintiff's Ex Parte Application is **DENIED** as procedurally improper.

**IT IS SO ORDERED.**

September 21, 2016

_____

 **OTIS D. WRIGHT, II
 UNITED STATES DISTRICT JUDGE**

---

[1] The Court notes that while Plaintiff may also file a motion to reconsider, a motion to reconsider a final order will likely be construed as a motion for relief pursuant to Federal Rule of 60(b). *Zamarron v. Nevada*, No. 3:10-CV-00094, 2010 WL 5186086, at *1 (D. Nev. Dec. 15, 2010) (citing *School Dist. No. 1J Multnomah County v. AC & S, Inc.*, 5 F.3d 1255, 1262 (9th Cir.1993)).