O

# United States District Court
# Central District of California

| | |
|---|---|
| VENICE BAKING COMPANY,<br><br>  Plaintiff,<br><br>  v.<br><br>SOPHAST SALES AND MARKETING LLC; and DOES 1–10, inclusive,<br><br>  Defendants. | Case No. 2:16-cv-6136-ODW(KS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [16]** |

## I. INTRODUCTION

Plaintiff Venice Baking Company files the pending motion for reconsideration and relief from the Court's September 19, 2016, order granting Defendant Sophast Sales and Marketing LLC's motion to dismiss with prejudice. (ECF Nos. 11, 16.) For the following reasons, the Court **DENIES** Plaintiff's motion.[1]

## II. FACTUAL BACKGROUND

On May 4, 2016, Plaintiff filed this action in the Superior Court of Los Angeles,

---

[1] After considering the papers filed in support of and in opposition to Plaintiff's motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

seeking declaratory relief. (Compl., Not. of Removal, Ex. A, ECF No. 1.) Plaintiff's claims arose out of a contractual dispute between the two parties. (*Id.*) Defendant removed the action to this Court on August 16, 2016. (*Id.*) Defendant then filed a motion to dismiss for lack of personal jurisdiction on August 30, 2016, which was set for hearing on October 3, 2016. (ECF No. 9.) Plaintiff's opposition to the motion was due on September 12, 2016, twenty-one days before the hearing. No opposition was ever filed. On September 19, 2016, the Court granted Defendant's motion to dismiss as unopposed. (ECF No. 11.) Later that day, Plaintiff filed an ex-parte application seeking a continuance to file opposition. (ECF No. 12.) On September 21, 2016, the Court denied the ex-parte application as procedurally improper because a final order had been issued. (ECF No. 17.) On the same day, Plaintiff filed the pending motion for reconsideration and relief.[2] (Mot., ECF No. 16.)

In the pending motion, Plaintiff's counsel explains that the parties were engaged in settlement negotiations prior to the September 12, 2016, deadline for filing opposition. (Wiseman Decl. ¶¶10-16, ECF No. 16.) Plaintiff's counsel believed that these negotiations would soon lead to a settlement. (*Id.*) He also believed that filing opposition would serve as a potential irritant in these settlement negotiations, making it less likely that his client would be able to obtain a settlement. (*Id.* ¶14) Accordingly, Plaintiff's counsel did not file opposition. (*Id.*) Nonetheless, a settlement failed to materialize and the deadline passed. (*Id.*, Ex. G at 1.) Three days after the deadline to file opposition, Plaintiff's counsel asked Defendant's permission to reschedule the October 3, 2016 hearing to a date two weeks later. (*Id.* ¶17) Defendant declined Plaintiff's request. (*Id.*)

---

[2] Defendant filed opposition to the pending motion on October 3, 2016. (Opp'n, ECF No. 20.) Plaintiff filed a reply on October 10, 2016. (Reply, ECF No. 21.)

### III. LEGAL STANDARD

A party may file a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) within twenty-eight days of the order that it seeks to amend. However, Rule 59(e) is an "extraordinary remedy to be used sparingly" and is rarely granted "absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir. 2009).

Local Rule 7-18 dictates that there are only three grounds on which such a motion may be granted:

> (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (2) the emergence of new material facts or a change of law occurring after the time of such decision, or (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

Like a motion for reconsideration, a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) is considered a form of "extraordinary relief" reserved for "exceptional circumstances." *See Engleson v. Burlington N. R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1992) (quoting *Ben Sager Chemicals Int'l, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)). Motions made pursuant to Federal Rule of Procedure 60(b)(1) allow a court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). When a Rule 60(b)(1) motion is based on neglect, courts weigh four factors to determine whether the neglect was excusable: "(1) the danger of prejudice

to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay [or other error, including whether it was within the reasonable control of the movant]; and (4) whether the movant acted in good faith." *See Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000)); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

A party may also seek relief pursuant to Rule 60(b)(6). This catchall provision is used "sparingly" when necessary to prevent "manifest injustice." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). To satisfy this "lofty standard" the movant must prove that it suffered (1) an injury (2) and that circumstances beyond its control prevented timely action to protect its interests. *Id.*; *see also Reese v. Sprint Nextel Corp.*, No. 2:13-CV-03811-ODW, 2014 WL 3724055, at *1 (C.D. Cal. July 24, 2014).

## IV. DISCUSSION

### A. Reconsideration

Plaintiff asks the Court to amend its final order dismissing this case *with* prejudice to instead dismiss this case *without* prejudice. (Memorandum 14, ECF No. 16.) However, the Court finds that Plaintiff has not satisfied any of the three grounds outlined in Local Rule 7-18 to warrant such an amendment. Plaintiff neither cites a material fact or law that could not have been reasonably known at the time of the order's issuance nor a material new fact or change in law that occurred after the order's issuance.

Additionally, Plaintiff's motion fails to describe material facts presented *before* the order's issuance that the Court failed to consider. Due to the unopposed nature of Plaintiff's motion to dismiss, few facts were necessary to rule in Defendant's favor. First, the Court found that Plaintiff filed a motion to dismiss on August 30, 2016 alleging that this Court lacked personal jurisdiction over it. (Order 2, ECF No. 11.)

1 Second, the Court found that a hearing was set for October 3, 2016 on the motion. (*Id.*) Third, the Court found that opposition to the motion was due on September 12, 2016, twenty-one days before the hearing. (*Id.*) Finally, the Court found that no opposition was filed by the deadline. (*Id.*) Based on these facts, all of which were expressly included in the September 19, 2016 order, the Court granted Defendant's motion to dismiss for lack of opposition. (*Id.* at 3.) Having failed to satisfy any of the requirements outlined in Local Rule 7-18, the Court denies Plaintiff's request to reconsider and amend the prior order.

**B. Relief**

Plaintiff alleges eligibility for relief pursuant to Rule 60(b)(1) on the grounds of excusable neglect and surprise. (Memorandum 2.) In applying the *Pioneer* four-factor test to determine whether the neglect was excusable, the Court finds that there is little likelihood of prejudice to Defendant, that the length of the delay was modest (a matter of days), and that there is no evidence Plaintiff acted in bad faith. Thus, the Court finds these three factors weigh in Plaintiff's favor.

However, the Court finds that the third factor weighs heavily against Plaintiff. With full knowledge of the deadline to file opposition and of the settlement negotiations' progress, Plaintiff's counsel made the decision not to file opposition or a motion for an extension of the opposition deadline. (Wiseman Decl. ¶¶10-14.) This decision on the part of Plaintiff's counsel was not only deliberate but also purposeful; Plaintiff's counsel believed that by not filing opposition it would increase the likelihood of a settlement for his client. (Wiseman Decl. ¶14.) This was a risk Plaintiff's counsel took at his own peril; there is no evidence that the parties ever finalized an agreement to extend the deadline for filing an opposition or to push back the hearing date. Even if there was an agreement between the parties, such an agreement was never formalized with the Court.

It is also worth noting that Plaintiff's situation differs markedly from others where courts have found excusable neglect. In one line of cases finding excusable

neglect, attorneys were prevented from timely filing by calendaring mistakes. *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004); *Pioneer Inv. Servs. Co.*, 507 U.S. at 399; *In re Hawaiian Airlines, Inc.*, No. CV. 08-00405 DAE-BMK, 2011 WL 1483923, at *8 (D. Haw. Apr. 18, 2011). In another line of cases finding excusable neglect, attorneys were effectively prevented from timely filing by personal or family emergencies. *See Lemoge v. United States*, 587 F.3d at 1197 (attorney suffered injury during proceedings that required multiple surgeries, skin grafts, and extensive therapy); *see also Bateman v. U.S. Postal Serv.*, 231 F.3d at 1222 (family emergency requiring attorney's presence in Nigeria). The implication in these two lines of cases is that, but for the calendaring mistake or emergency preventing it, these attorneys would have timely filed. By contrast, Plaintiff's counsel was not prevented from timely filing: he *chose not* to file opposition to avoid disrupting the settlement process. Balancing the four *Pioneer* factors, the Court finds that the neglect of Plaintiff's counsel was not excusable.

The Court also finds that Plaintiff is not entitled to relief on the basis of surprise. Plaintiff's counsel insinuates that Defendant bated him into not timely filing opposition by making it appear that settlement was imminent. (Wiseman Decl. ¶¶19-21.) While the Court cannot entirely discount the possibility that such a scheme existed, it is not in receipt of sufficient evidence to substantiate that claim. Having ruled out both excusable neglect and surprise, the Court finds no basis on which to grant Plaintiff Rule 60(b)(1) relief.

Finally, Plaintiff seeks relief pursuant to Rule 60(b)(6). However, as discussed at length, Plaintiff's decision not to file timely opposition was within its control. *See Alpine Land & Reservoir Co.*, 984 F.2d at 1049 (requiring circumstances to be outside of movant's control for Rule 60(b)(6) relief). As a result, the Court finds that Plaintiff is not entitled to Rule 60(b)(6) relief.

## V. CONCLUSION

As detailed above, Plaintiff has not met the requirements for reconsideration or relief. Therefore, the Court **DENIES** Plaintiff's motion.

**IT IS SO ORDERED.**

October 11, 2016

_____
             **OTIS D. WRIGHT, II
        UNITED STATES DISTRICT JUDGE**